### SALSBERG v. TOBIAS.

#### (Supreme Court, Appellate Term. June 23, 1904.)

1. APPEAL—DECISION OF LOWER COURT—GROUNDS—AFFIRMANCE.

Where a magistrate refused to issue a body execution on the ground "that the proof was insufficient to grant the same," without specifying any defect in which the proof was lacking, his decision in the matter will be upheld if there is any inadequacy in the proof.

2. EXECUTION—CAPIAS—MUNICIPAL COURT ACT.

One who fails to sue until more than a month has elapsed after the accrual of the cause of action has no right to a body execution under Municipal Court Act (Laws 1902, p. 1569, c. 580) § 274, providing that in an action for services rendered as a wage earner, if plaintiff recovers a judgment for less than $50, and the action shall have been brought within one month after the cause of action accrued, and if the execution is returned unsatisfied, the clerk must, on the application of plaintiff, issue an execution against the person of defendant for the sum remaining uncollected.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Bessie Salsberg against Sam Tobias. From a judgment for plaintiff, she appeals. Affirmed.

See 84 N. Y. Supp. 151.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

L. Levene, for appellant.

FREEDMAN, P. J. The defendant did not appear upon the trial of this action. At the close of the plaintiff's case her attorney moved for an execution against the person of the defendant, upon the ground that the original summons was indorsed with the words, "Plaintiff claims defendant is subject to arrest and imprisonment." The court thereupon said:

"The court declines to grant the execution applied for, upon the ground that the return of the service by the marshal is not in compliance with the act, and, besides, the proof is insufficient to permit the court to grant the same."

Plaintiff's attorney thereupon asked "to be allowed to supply the additional proof that the summons served upon the defendant contained such indorsement." This motion was denied. The court thereafter rendered a judgment in favor of the plaintiff for the amount

claimed by her, from which judgment this appeal comes up, the plaintiff alleging error in that the court below refused to permit the return to be amended so as to show that the copy of the summons served upon the defendant contained the words above referred to, and also refused to enter a judgment "that the defendant be subject to arrest and imprisonment."

It is unnecessary to consider whether or not an amendment to the marshal's return of the service of the summons should have been permitted. One of the grounds of refusal by the magistrate to permit the issuance of a body execution was "that the proof was insufficient to grant the same." As he did not name any specific defect in which the proof was lacking, if there was any inadequacy his judgment must be upheld.

The appellant herein claims that the action was brought under the provisions of section 274 of the Municipal Court act (Laws 1902, p. 1569, c. 580), which provides, among other things, as follows:

"Sec. 274. In an action, brought in the Municipal Court, by a journeyman, laborer or other employee whose employment answered to the general description of wage earner, for services rendered or wages earned in such capacity, if the plaintiff recovers a judgment for a sum not exceeding fifty dollars, exclusive of costs, and the action shall have been brought within one month after the cause of action accrued, no property of the defendant is exempt from levy and sale by virtue of an execution against property, issued thereupon; and, if such an execution is returned wholly or partially unsatisfied, the clerk must, upon the application of the plaintiff, issue an execution against the person of the defendant for the sum remaining uncollected, if the endorsement required by this act to the effect that defendant was liable to arrest was complied with. * * *"

The action was originally begun by the service upon the defendant upon March 9, 1903, the same having been issued March 5, 1903. The plaintiff testified upon the trial that the cause of action consisted of a claim for two weeks and one day's services, beginning on January 10, 1903, and ending January 25, 1903, and for such services she obtained a judgment. It therefore appears that the action was not brought until considerably more than one month had elapsed after her cause of action accrued. She did not therefore bring herself within the provisions of section 274, supra, and had no right to a body execution. We must therefore assume that the court below had this infirmity of the plaintiff's case in mind when he refused to grant the request to issue such an execution. The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.